PALMER GALLUP, Appellant, *v.* LORENZO M. SMITH, Appellee.

APPEAL FROM LEE.

Where the proof, though slight, has a tendency to support the verdict, and is not contradicted by other evidence, this court will not disturb the finding of the jury.

Where one person procures board and lodging furnished for another, he is liable for what it is reasonably worth.

THIS was an action of assumpsit by appellee, against appellant, for board and lodging furnished to one Austin Gallup, at appellant's instance and request. The evidence adduced on the trial, and the instructions given, are stated in the opinion.

Judgment was rendered for plaintiff below, and appeal taken to this court.

JAMES K. EDSALL, for Appellant.

GLOVER, COOK & CAMPBELL, for Appellee.

BREESE, J. It must be admitted, that the evidence on which this verdict was rendered was not of the strongest character to charge the defendant. It consists, for the most part, in these facts: When L. M. Smith kept the house, appellant's brother, Austin, was a regular boarder there, and before L. M. Smith took the house, and while boarding there, he was employed a portion of the time by Judd & Gallup, and another portion by the appellant. When Alvah Smith took the house, Austin continued to board there, and about the time he gave up the house, he says he had a conversation with the appellant with regard to settling the previous board bill for Austin; that he

declined settling at that time, giving as a reason that he might want to have more boarding done at the house.

When called upon for the board of Austin, he did not deny his liability to pay it, but tacitly admitted it, and this the jury might well infer. If he owed no liability, he would certainly have protested against the call upon him. This evidence tended to show that the appellant had procured the boarding for his brother, and the law would imply a promise to pay what it was worth, and therefore the court properly modified the instruction asked for by the appellant, so as to make it read—" That unless the evidence shows that defendant, P. Gallup, promised to pay plaintiff, L. M. Smith, for the board of Austin Gallup, before or at the time such board was had by said Austin, *or that he procured such board to be furnished,* the jury should find for the defendant."

This instruction, given on the part of the plaintiff, and excepted to, was quite proper: " If the plaintiff has proven that he, through the concurrence of the defendant, furnished board and lodging to Austin Gallup on the credit of the defendant, the jury should find for the plaintiff such amount as said board and lodging is proven to be worth."

Though the evidence is slight, it has a tendency to prove the issue, and to sustain the verdict. We cannot say the verdict is contrary to the evidence, and therefore it ought not to be disturbed. The judgment must be affirmed.

*Judgment affirmed.*